M. Taylor Florence, SBN 159695
E-Mail: taylor.florence@bullivant.com
Connie Sue Martin, (*pro hac vice* pending)
E-Mail: conniesue.martin@bullivant.com
BULLIVANT HOUSER BAILEY PC
1415 L Street, Suite 1000
Sacramento, California  95814
Telephone: 916.930.2500
Facsimile: 916.930.2501

Attorneys for Defendants Bullion River Gold
Corp. and French Gulch (Nevada) Mining
Corp.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHERN CALIFORNIA RIVER WATCH, a non-profit corporation; HEATH JAY BENNETT, a minor child, by and through his guardian ad litem BIANCA AUGUSTINE; MARIAH FRANCES BELLA BENNETT, a minor child, by and through her guardian ad litem BIANCA AUGUSTINE; JAROD MYRON BLOOM, a minor child, by and through his guardian ad litem BIANCA AUGUSTINE; BIANCA AUGUSTINE; and STUART BENNETT, ,<br><br>                   Plaintiffs,<br><br>      vs.<br><br>BULLION RIVER GOLD CORP.; FRENCH GULCH (NEVADA) MINING CORP.; and DOES 1 - 10, Inclusive,<br><br>                   Defendants. | Case No.: 2:08-CV-00791-MCE-GGH<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants Bullion River Gold Corp. and French Gulch (Nevada) Mining Corp.

(hereinafter, collectively, "Defendants") answer Plaintiffs' Complaint as follows:

## I. NATURE OF THE CASE

1.      To the extent that an answer is required to Plaintiffs' allegations in paragraph 1

of the Complaint, Defendants admit that Plaintiffs have alleged claims for relief under

provisions of the Clean Water Act ("CWA").  Defendants refute and deny that their operations

have violated the CWA.  Defendants admit that Exhibit A to the Complaint purports to be an

1  August 3, 2007 Notice of Violations and Intent to File Suit, but deny that Exhibit A describes

2  violations of the CWA attributable to Defendants.  Defendants further deny that Exhibit A

3  constitutes sufficient notice of the nature and dates of alleged violations of the CWA to comply

4  with Plaintiffs' obligations under 33 U.S.C. § 1365(b) and/or 40 CFR Part 135.

5          2.      To the extent that an answer is required to Plaintiffs' allegations in paragraph 2

6  of the Complaint, Defendants admit that Plaintiffs have alleged claims for relief under

7  provisions of the Resource Conservation and Recovery Act ("RCRA").  Defendants refute and

8  deny that their operations have violated RCRA.  Defendants admit that Exhibit B to the

9  Complaint purports to be an August 3, 2007 Notice of Violations and Intent to File Suit, but

10  deny that Exhibit B describes violations of RCRA attributable to Defendants.  Defendants

11  further deny that Exhibit B constitutes sufficient notice of the nature and dates of alleged

12  violations of RCRA to comply with Plaintiffs' obligations under 42 U.S.C. § 7002(b) and/or 40

13  CFR Part 254.

14          3.      Paragraph 3 is denied.

15          4.      Paragraph 4 is denied.

16          5.      Paragraph 5 is denied.

17          6.      In response to the allegations contained in paragraph 6 of the Complaint,

18  Defendants answer that the language of 33 U.S.C. §1251(e) speaks for itself, for which no

19  answer is required.  Nor is answer required for the assertions regarding the goals and policies of

20  Congress regarding public participation in the enforcement of the CWA, which are legal

21  conclusions.

22          7.      Paragraph 7 is denied.

23          8.      Paragraph 8 is denied.

24          9.      Paragraph 9 is denied.

25          10.     In response to the allegations contained in paragraph 10 of the Complaint,

26  Defendants deny that their actions have violated the General Permit, the CWA, or RCRA, and

27  further deny that Plaintiffs are entitled to declaratory or injunctive relief, civil penalties, or any

28  other relief.

ANSWER AND AFFIRMATIVE DEFENSES

1    11.    To the extent that an answer is required to Plaintiffs' allegations in paragraph 11

2    of the Complaint, Defendants admit that Plaintiffs have alleged claims for relief under

3    provisions of the California Safe Drinking Water and Toxic Enforcement Act, California Health

4    and Safety Code §25249.5 et seq. ("Prop. 65").  Defendants refute and deny that their operations

5    have violated Prop. 65.  Defendants admit that Exhibit C to the Complaint purports to be a

6    December 14, 2007 Notice of Violations and Intent to File Suit, but deny that Exhibit C

7    describes violations of Prop. 65 attributable to Defendants.  Defendants further deny that Exhibit

8    C constitutes sufficient notice of the nature and dates of alleged violations of Prop. 65 to comply

9    with Plaintiffs' obligations under California Health & Safety Code §25249.7(d).

10                            **II. <u>PARTIES</u>**

11    12.    Defendants lack sufficient knowledge or information from which to admit or

12    deny the allegations contained in paragraph 12 of the Complaint and therefore deny the same.

13    13.    In response to the allegations contained in paragraph 13 of the Complaint,

14    Defendants deny that they are responsible for any illegal discharges, but lack sufficient

15    knowledge or information from which to admit or deny the remaining allegations and therefore

16    deny the same.

17    14.    In response to the allegations contained in paragraph 14 of the Complaint,

18    Defendants deny that they are responsible for any toxic discharges at the Washington Mine site,

19    but lack sufficient knowledge or information from which to admit or deny the remaining

20    allegations and therefore deny the same.

21    15.    In response to the allegations contained in paragraph 15 of the Complaint,

22    Defendants admit that Bullion River Gold Corp.'s administrative offices are located at 3500

23    Lakeside Court, Suite 200, Reno, Nevada 89509-4896.  Defendants deny that Bullion River

24    Gold Corp. is a private corporation.  Plaintiffs' allegation that Bullion River Gold Corp. is the

25    owner and/or operator of the Washington Mine calls for a legal conclusion for which no answer

26    is required.  To the extent an answer is required, Defendants deny the same.

27    16.    In response to the allegations contained in paragraph 16 of the Complaint,

28    Defendants admit that French Gulch (Nevada) Mining Corp. is a private corporation with

administrative offices located at 3500 Lakeside Court, Suite 200, Reno, Nevada 89509-4896.
Plaintiffs' allegation that French Gulch (Nevada) Mining Corp. is the owner and/or operator of
the Washington Mine calls for a legal conclusion for which no answer is required.  To the extent
an answer is required, Defendants deny the same.

17.     The allegations of paragraph 17 of the Complaint are directed to other parties and
therefore no answer by Defendants is required.

### III. <u>JURISDICTIONAL ALLEGATIONS</u>

18.     In response to the allegations contained in paragraph 18 of the Complaint,
Defendants admit that the district courts have jurisdiction over citizen suits under the CWA.
The remaining allegations in paragraph 18 are denied.

19.     In response to the allegations contained in paragraph 19 of the Complaint,
Defendants admit that the district courts have jurisdiction over citizen suits under RCRA.  The
remaining allegations in paragraph 19 are denied.

20.     In response to the allegations contained in paragraph 20 of the Complaint,
Defendants lack sufficient knowledge or information about the residences of the Plaintiffs to
admit or deny the allegations and therefore deny the same.  Defendants deny the remaining
allegations in paragraph 20.

21.     In response to the allegations contained in paragraph 21 of the Complaint,
Defendants admit that a letter purporting to be a Notice of Violations and Intent to File Suit
under the CWA was mailed to Defendants at their administrative offices, but deny that such
letter constitutes timely and sufficient notice under 33 U.S.C. §1365(c)(3).  Defendants lack
sufficient knowledge or information regarding delivery of the letter to parties other than
Defendants to admit or deny the allegations and therefore deny the same.

22.     In response to the allegations contained in paragraph 22 of the Complaint,
Defendants lack sufficient knowledge or information regarding service of the Complaint on
parties other than Defendants to admit or deny the allegations and therefore deny the same.

23.     In response to the allegations contained in paragraph 23 of the Complaint,
Defendants admit that a letter purporting to be a Notice of Violations and Intent to File Suit

1  under RCRA was mailed to Defendants at their administrative offices, but deny that such letter

2  constitutes timely and sufficient notice under 42 U.S.C. §6972(2)(A).  Defendants lack

3  sufficient knowledge or information regarding delivery of the letter to parties other than

4  Defendants to admit or deny the allegations and therefore deny the same.

5       24.    In response to the allegations contained in paragraph 24 of the Complaint, to the

6  extent such allegations call for a legal conclusion, no answer is required.  To the extent an

7  answer is required, Defendants admit that venue for CWA claims related to extraction and

8  processing operations within this court's district may lie with this court, but deny that

9  Defendants' operations have violated any state or federal law or permit or caused illegal

10  discharges for which a cause of action has arisen.

11       25.    In response to the allegations contained in paragraph 25 of the Complaint, to the

12  extent such allegations call for a legal conclusion, no answer is required.  To the extent an

13  answer is required, Defendants admit that venue for RCRA claims related to extraction and

14  processing operations within this court's district may lie with this court, but deny that

15  Defendants' operations have violated any state or federal law or permit or caused pollution for

16  which a cause of action has arisen.

17       26.    In response to the allegations contained in paragraph 26 of the Complaint, to the

18  extent such allegations call for a legal conclusion, no answer is required.  To the extent an

19  answer is required, Plaintiffs' allegations are denied.

20       27.    The allegations contained in paragraph 27 of the Complaint call for a legal

21  conclusion and therefore no answer is required.  In answer to subparagraphs 26(a) through (f),

22  inclusive, in which Plaintiffs allege they have been harmed by Defendants' operations,

23  Defendants deny each and every such allegation.

## IV. GENERAL ALLEGATIONS

25       28.    Defendants' responses to the allegations contained in paragraphs 1 through 27

26  are incorporated and reasserted by this reference.

27  ///

28  ///

ANSWER AND AFFIRMATIVE DEFENSES

1        29.    In response to the allegations contained in paragraph 29 of the Complaint,

2  Defendants admit that the Washington Mine has historically been used for extracting and some

3  milling of gold ore.  The remaining allegations in paragraph 29 are denied.

4        30.    The allegations contained in paragraph 30 are denied.

5        31.    In response to the allegations contained in paragraph 31 of the Complaint,

6  Defendants lack sufficient information or knowledge to form an answer and therefore deny the

7  same.

8        32.    In response to the allegations contained in paragraph 32 of the Complaint, to the

9  extent such allegations call for a legal conclusion, no answer is required.  To the extent an

10  answer is required, Defendants admit that venue for RCRA claims related to extraction and

11  processing operations within this court's district may lie with this court, but deny that

12  Defendants' operations have violated any state or federal law or permit or caused pollution for

13  which a cause of action has arisen.

14                **V. <u>STATUTORY AND REGULATORY BACKGROUND</u>**

15        33.    The allegations contained in paragraph 33 of the Complaint are in the nature of

16  legal conclusions, to which no answer is required.  To the extent an answer is required,

17  Defendants deny the allegations.

18        34.    The allegations contained in paragraph 34 of the Complaint are in the nature of

19  legal conclusions, to which no answer is required.  Defendants deny the remaining allegations in

20  paragraph 34.

21        35.    The allegations contained in paragraph 35 of the Complaint are denied.

22        36.    The allegations contained in the first two sentences of paragraph 36 of the

23  Complaint are in the nature of legal conclusions, to which no answer is required.  Defendants

24  deny the remaining allegations in paragraph 36.

25        37.    The allegations contained in the first sentence of paragraph 37 of the Complaint

26  are in the nature of legal conclusions, to which no answer is required.  Defendants deny the

27  remaining allegations in paragraph 37.

28  ///

ANSWER AND AFFIRMATIVE DEFENSES

38.     The allegations contained in the first sentence of paragraph 38 of the Complaint are in the nature of legal conclusions, to which no answer is required.  Defendants deny the remaining allegations in paragraph 38.

39.     The allegations contained in paragraph 39 of the Complaint are in the nature of legal conclusions, to which no answer is required.

40.     The allegations contained in the sentences 1 through 3, and 5 of paragraph 40 of the Complaint are in the nature of legal conclusions, to which no answer is required. Defendants deny the remaining allegations in paragraph 40.

## VI. <u>ALLEGED VIOLATIONS</u>

41.     The allegations contained in paragraph 41 of the Complaint are denied.

42.     The allegations contained in paragraph 42 of the Complaint are denied.

43.     The allegations contained in paragraph 43 of the Complaint are denied.

44.     The allegations contained in paragraph 44 of the Complaint are denied.

45.     The allegations contained in paragraph 45 of the Complaint are denied.

46.     The allegations contained in paragraph 46 of the Complaint are denied.

47.     The allegations contained in paragraph 47 of the Complaint are denied.

48.     The allegations contained in paragraph 48 of the Complaint are denied.

49.     The allegations contained in paragraph 49 of the Complaint are denied.

50.     The allegations contained in paragraph 50 of the Complaint are denied.

## VII. <u>CLAIMS FOR RELIEF</u>

### A.     FIRST CLAIM FOR RELIEF

**Violation of CWA 33 U.S.C. §1251 et seq., 33 U.S.C. §1342(a) and (b), 33 U.S.C. §1311 Discharge of Pollution from Point Sources Must be Regulated by a NPDES Permit**

51.     Defendants' responses to the allegations contained in paragraphs 1 through 50 are incorporated and reasserted by this reference.

52.     The allegations contained in paragraph 52 of the Complaint are denied.

53.     The allegations contained in paragraph 53 of the Complaint are denied.

54.     The allegations contained in paragraph 54 of the Complaint are denied.

ANSWER AND AFFIRMATIVE DEFENSES

**B.      SECOND CLAIM FOR RELIEF**

**Violation of CWA 33 U.S.C. §1342(p); 40 C.F.R. §122.26**

**Discharger Must Comply With California's Industrial Storm Water Permit**

55.      Defendants' responses to the allegations contained in paragraphs 1 through 54 are incorporated and reasserted by this reference.

56.      The allegations contained in paragraph 56 of the Complaint are denied.

57.      The allegations contained in paragraph 57 of the Complaint are denied.

58.      The allegations contained in paragraph 58 of the Complaint are denied.

**C.      THIRD CLAIM FOR RELIEF**

**Violation of 42 U.S.C. §6901 et seq., specifically 42 U.S.C. §6907(a)(1)(A)**

59.      Defendants' responses to the allegations contained in paragraphs 1 through 58 are incorporated and reasserted by this reference.

60.      The allegations contained in paragraph 60 of the Complaint are legal conclusions for which no answer is required.

61.      The allegations contained in paragraph 61 of the Complaint are denied.

62.      The allegations contained in paragraph 62 of the Complaint are denied.

**D.      FOURTH CLAIM FOR RELIEF**

**Violation of 42 U.S.C. §6901 et seq., specifically 42 U.S.C. §6972(a)(1)(b)**

63.      Defendants' responses to the allegations contained in paragraphs 1 through 62 are incorporated and reasserted by this reference.

64.      The allegations contained in paragraph 64 of the Complaint are legal conclusions for which no answer is required.

65.      The allegations contained in paragraph 65 of the Complaint are denied.

66.      The allegations contained in paragraph 66 of the Complaint are denied.

67.      The allegations contained in paragraph 67 of the Complaint are denied.

68.      The allegations contained in paragraph 68 of the Complaint are legal conclusions for which no answer is required.

69.      The allegations contained in paragraph 69 of the Complaint are denied.

### E.   FIFTH CLAIM FOR RELIEF

### Violation of California Health & Safety Code §25249.5

70.   Defendants' responses to the allegations contained in paragraphs 1 through 69 are incorporated and reasserted by this reference.

71.   The allegations contained in paragraph 71 of the Complaint are legal conclusions for which no answer is required.

72.   The allegations contained in paragraph 72 of the Complaint are denied.

### F.   SIXTH CLAIM FOR RELIEF

### Inverse Condemnation – Cal. Const. Art. I, Section 19

73.   Defendants' responses to the allegations contained in paragraphs 1 through 72 are incorporated and reasserted by this reference.

74.   The allegations contained in paragraph 74 of the Complaint are denied.

75.   The allegations contained in paragraph 75 of the Complaint are denied.

76.   The allegations contained in paragraph 76 of the Complaint are denied.

77.   The allegations contained in paragraph 77 of the Complaint are denied.

78.   The allegations contained in paragraph 78 of the Complaint are denied.

### G.   SEVENTH CLAIM FOR RELIEF

### Negligence

79.   Defendants' responses to the allegations contained in paragraphs 1 through 78 are incorporated and reasserted by this reference.

80.   The allegations contained in paragraph 80 of the Complaint are denied.

81.   The allegations contained in paragraph 81 of the Complaint are denied.

82.   The allegations contained in paragraph 82 of the Complaint are denied.

83.   The allegations contained in paragraph 83 of the Complaint are denied.

84.   The allegations contained in paragraph 84 of the Complaint are denied.

85.   The allegations contained in paragraph 85 of the Complaint are denied.

86.   The allegations contained in paragraph 86 of the Complaint are denied.

ANSWER AND AFFIRMATIVE DEFENSES

**H.      EIGHTH CLAIM FOR RELIEF**

**Nuisance**

87.      Defendants' responses to the allegations contained in paragraphs 1 through 86 are incorporated and reasserted by this reference.

88.      The allegations contained in paragraph 88 of the Complaint are denied.

89.      The allegations contained in paragraph 89 of the Complaint are denied.

**I.      NINTH CLAIM FOR RELIEF**

**Negligence Per Se**

90.      Defendants' responses to the allegations contained in paragraphs 1 through 89 are incorporated and reasserted by this reference.

91.      The allegations contained in paragraph 91 of the Complaint are denied.

92.      The allegations contained in paragraph 92 of the Complaint are denied.

93.      The allegations contained in paragraph 93 of the Complaint are denied.

94.      The allegations contained in paragraph 94 of the Complaint are denied.

95.      The allegations contained in paragraph 95 of the Complaint are denied.

96.      The allegations contained in paragraph 96 of the Complaint are denied.

97.      The allegations contained in paragraph 97 of the Complaint are denied.

**J.      TENTH CLAIM FOR RELIEF**

**Trespass**

98.      Defendants' responses to the allegations contained in paragraphs 1 through 97 are incorporated and reasserted by this reference.

99.      The allegations contained in paragraph 99 of the Complaint are denied.

100.      The allegations contained in paragraph 100 of the Complaint are denied.

101.      The allegations contained in paragraph 101 of the Complaint are denied.

102.      The allegations contained in paragraph 102 of the Complaint are denied.

103.      The allegations contained in paragraph 103 of the Complaint are denied.

104.      The allegations contained in paragraph 104 of the Complaint are denied.

105.      The allegations contained in paragraph 105 of the Complaint are denied.

ANSWER AND AFFIRMATIVE DEFENSES

## K.   ELEVENTH CLAIM FOR RELIEF

### Strict Liability in Tort

106.   Defendants' responses to the allegations contained in paragraphs 1 through 105 are incorporated and reasserted by this reference.

107.   The allegations contained in paragraph 107 of the Complaint are denied.

108.   The allegations contained in paragraph 108 of the Complaint are denied.

109.   The allegations contained in paragraph 109 of the Complaint are denied.

110.   The allegations contained in paragraph 110 of the Complaint are denied.

111.   The allegations contained in paragraph 111 of the Complaint are denied.

112.   The allegations contained in paragraph 112 of the Complaint are denied.

113.   The allegations contained in paragraph 113 of the Complaint are denied.

## VIII. <u>REMAINING PARAGRAPHS</u>

The remaining paragraphs of Plaintiffs' Complaint contain Plaintiffs' Prayer for Relief as to which no response is required, but insofar as an answer is required, they are all denied.

## IX. <u>AFFIRMATIVE DEFENSES</u>

Having fully answered Plaintiffs Complaint, Defendants assert the following affirmative defenses:

1)   Plaintiffs have failed to state a claim for which relief can be granted;

2)   Plaintiffs have failed to join an indispensible party;

3)   Plaintiffs have failed to join a necessary party;

4)   Plaintiffs' claims are an impermissible collateral attack on permitted activity;

5)   Plaintiffs' claims are barred, in whole or in part, because there is an existing state action which the state of California is diligently prosecuting;

6)   Plaintiffs' claims are barred, in whole or in part, because Defendants have fully complied with all administrative orders to remediate and have paid civil penalties in full, thus fully settling and resolving the alleged claims upon which Plaintiffs have based their citizen suit;

7) Plaintiffs' claims are barred, in whole or in part, because the acts alleged are wholly in the past and there is no ongoing release;

8) Plaintiffs' claims are barred, in whole or in part, because the acts alleged are wholly past and nonrecurring; and there is no imminent or substantial endangerment;

9) Plaintiffs' claims are barred, in whole or in part, because their notice letters of alleged violations were not sufficiently specific under the CWA, RCRA, or Prop. 65 to provide the Defendants and state and federal agencies with adequate notice and/or were otherwise ineffective as a matter of law.

10) Plaintiffs' claims are barred, in whole or in part, by res judicata as a result of the state of California's administrative enforcement action(s);

11) Plaintiffs' claims are barred, in whole or in part, for a lack of subject matter jurisdiction;

12) Plaintiffs' claims are barred, in whole or in part, under the Primary Jurisdiction Doctrine because the matter is peculiarly within the jurisdiction of a state regulatory authority that is diligently prosecuting the matter;

13) To the extent releases occurred for which Defendants' acts or omissions are attributable, such releases were the result of upset conditions;

14) Defendants' discharges, if they occurred, were at all times within allowable limits under Defendants' local, state and/or federal permits or licenses;

15) Plaintiffs' claims are barred, in whole or in part, to the extent pollutants alleged to have been discharged by Defendants are not limited in a NPDES or state permit;

16) Plaintiffs' claims are barred, in whole or in part, because overburden alleged to have resulted from Defendants' operations is mining waste exempt from classification as a hazardous waste under RCRA;

17) The acts or omissions alleged were the acts or omissions of third parties over whom Defendants have no control and for which Defendants are not liable;

– 12 –

18)   Plaintiffs' alleged damages were proximately caused by third parties, or acts of God or acts of nature for which Defendants are not liable;

19)   Plaintiffs proximately caused or contributed to the damages they allege, for which Defendants are entitled to an offset in the event damages are awarded against them; and

20)   Such other and further defenses as are revealed through discovery, which Defendants reserve the right to assert.

21)   Plaintiffs are not entitled to attorney's fees.

22)   Plaintiffs lack standing to bring this action.

23)   The Complaint, and each cause of action thereof, is barred to the extent it was not filed and/or served within the time prescribed by the applicable statutes of limitation.

24)   Defendants allege that Plaintiffs' claims are barred by the doctrine of laches.

25)   Defendants allege that Plaintiffs have failed to exercise reasonable care to mitigate the damages allegedly sustained, and they are barred from recovery or their recovery should be reduced accordingly.

26)   Defendants allege that Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

27)   Defendants allege that Plaintiffs lack the clean hands necessary to obtain relief at law or in equity by virtue of their acts and/or omissions resulting in the injuries of which they complain in the Complaint.

28)   Defendants are informed and believe and thereon allege that all the risks and damages, if any there were, connected with the situation at the time and place alleged in Plaintiffs' Complaint were open, obvious and apparent and were known to and voluntarily assumed by Plaintiffs herein.

29)   Defendants allege that each of Plaintiffs' injuries and damages, if any, were proximately caused or contributed to by Plaintiffs' unforeseeable idiosyncratic or

1            pre-existing conditions, unusual susceptibility, or hypersensitive reactions for

2            which Defendants are not liable.

3      30)      Plaintiffs have failed to state a claim entitling them to recovery of pre-judgment

4            interest.

5      Having fully answered Plaintiffs' Complaint and asserted the foregoing affirmative

6 defenses, Defendants request the following relief:

7      1.      Dismissal of Plaintiffs' claims with prejudice and without award of costs to

8            Plaintiffs;

9      2.      An award of Defendants' reasonable costs and attorneys' fees; and

10      3.      Such other and further relief as the court deems just and equitable.

11 DATED:  September 5, 2008

12                          BULLIVANT HOUSER BAILEY PC

13

14                          By */s/ M. Taylor Florence*_____

15                              M. Taylor Florence
                             Connie Sue Martin (*pro hac vice* pending)

16                          Attorneys for Defendants Bullion River Gold
                         Corp., French Gulch (Nevada) Mining Corp.

17 10753532.1

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND AFFIRMATIVE DEFENSES